# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAI HON LA, | : | |
| Petitioner, | : | |
| v. | : | No. 4:18-CV-80 |
| CLAIRE DOLL, | : | (Judge Brann) |
| Respondent. | : | |

## MEMORANDUM OPINION

### May 2, 2018

## I.   BACKGROUND

Tai Hon La filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while detained by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the York County Prison, York, Pennsylvania. Named as Respondent is Warden Claire Doll of the York County Prison. Service of the petition was previously ordered.

La describes himself as a native of Vietnam who entered the United States on or about March 18, 1991. Petitioner states that he has been subject to a final order of removal since July 10, 2017.

According to the Petitioner, he had been detained by ICE for over six months at the time this matter was filed. Petitioner's pending § 2241 petition

challenged his indefinite detention pending completion of his removal proceedings. As relief, La sought his immediate release.

## II. DISCUSSION

On April 30, 2018, Respondent filed a "Notice of Mootness." Doc. 8, p. 1. The notice states that Petitioner was released from ICE custody on April 27, 2018. *See* Doc. 8-1. Accordingly, Respondent contends that since Petitioner is no longer being detained by ICE, dismissal on the basis of mootness is appropriate.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis*, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the <u>continuing</u> existence of a live and acute controversy." *Steffel v. Thompson*, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied

by continuing, present adverse effects." *Rosenberg v. Meese*, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)); *see also Gaeta v. Gerlinski*, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As relief, Petitioner sought his immediate release from ICE detention. *See* Doc. 1, ¶ 15. A copy of an "Order to Release Alien" submitted by Respondent confirms that La was released from ICE custody on April 27, 2018. Since Petitioner is no longer being detained by ICE, and under the principles set forth in *Steffel*, La's instant petition is subject to dismissal as moot since it no longer presents an existing case or controversy. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge